JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP -6 2006

FILED
CLERK'S OFFICE

# MDL 1769

### DOCKET NOS. 1596 AND 1769

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### MDL-1596 — IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION
### MDL-1769 — IN RE SEROQUEL PRODUCTS LIABILITY LITIGATION

### (SEE ATTACHED SCHEDULE)

### MDL-1596 CONDITIONAL TRANSFER ORDER (CTO-67) WITH SEPARATION, REMAND AND MDL-1769 CONDITIONAL TRANSFER ORDER (CTO-8) AND SEPARATION AND REMAND OF CERTAIN CLAIMS

On April 14, 2004, the Panel transferred six civil actions to the United States District Court for the Eastern District of New York for coordinated or consolidated pretrial proceedings in MDL-1596 pursuant to 28 U.S.C. § 1407. *See* 314 F.Supp.2d 1380 (J.P.M.L. 2004). Since that time, 1,287 additional actions have been transferred to the Eastern District of New York. With the consent of that court, all such actions have been assigned to the Honorable Jack B. Weinstein.

On July 6, 2006, the Panel transferred 92 civil actions to the United States District Court for the Middle District of Florida for coordinated or consolidated pretrial proceedings in MDL-1769 pursuant to 28 U.S.C. § 1407. *See* ___F.Supp.2d___ (J.P.M.L. 2006). Since that time, 63 additional actions have been transferred to the Middle District of Florida. With the consent of that court, all such actions have been assigned to the Honorable Anne C. Conway.

It appears that the actions on this conditional transfer order involve questions of fact that are common to: 1) the actions in MDL-1596 previously transferred to the Eastern District of New York and assigned to Judge Weinstein; and 2) the actions in MDL-1769 previously transferred to the Middle District of Florida and assigned to Judge Conway. Each of these actions comprises three sets of claims, as follows: 1) claims relating to the prescription drug Zyprexa, which involve common questions of fact with the previously transferred MDL-1596 actions; 2) claims relating to the prescription drug Seroquel, which involve common questions of fact with the previously transferred MDL-1769 actions; and 3) claims relating to the prescription drug Risperdal, which do not involve common questions of fact with the previously transferred actions in either MDL-1596 or MDL-1769.

PLEADING NO. 2887

Inasmuch as no objection is
pending at this time, the
stay is lifted.

SEP 2 2 2006

CLERK'S OFFICE

**OFFICIAL FILE COPY**

IMAGED SEP 2 2 2006

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of New York for the reasons stated in the MDL-1596 transfer order of April 14, 2004, and, with the consent of that court, assigned to the Honorable Jack B. Weinstein.

The claims in each action relating to Seroquel and Risperdal are hereby separated and simultaneously remanded, under 28 U.S.C. § 1407(a), to their respective transferor courts.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), the resulting Seroquel/Risperdal actions are transferred under 28 U.S.C. § 1407 to the Middle District of Florida for the reasons stated in the MDL-1769 transfer order of July 6, 2006, and, with the consent of that court, assigned to the Honorable Anne C. Conway.

It is further ordered that the claims in each action relating to Risperdal are separated and simultaneously remanded to their respective transferor courts.

This order does not become effective until it is filed in the offices of i) the Clerk of the United States District Court for the Eastern District of New York, and ii) the Clerk of the United States District Court for the Middle District of Florida. The transmittal of this order to said Clerks shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

# SCHEDULE CTO-67 - TAG-ALONG ACTIONS
# DOCKET NO. 1596
# IN RE ZYPREXA PRODUCTS LIABILITY LITIGATION

# SCHEDULE CTO-8 - TAG-ALONG ACTIONS
# DOCKET NO. 1769
# IN RE SEROQUEL PRODUCTS LIABILITY LITIGATION

| DIST. DIV. C.A.# | CASE CAPTION |
|---|---|
| **CALIFORNIA NORTHERN** | |
| CAN 3 06-1307 | Thelma D. Graham v. AstraZeneca Pharmaceuticals, LP, et al. |
| CAN 4 06-2041 | Ramon Howell, et al. v. AstraZeneca Pharmaceuticals, LP, et al. |
| **MISSOURI EASTERN** | |
| MOE 4 05-2243 | Richard Philpott v. Janssen Pharmaceutica, L.P., et al. |
| MOE 4 06-259 | Lori Santacroce v. Janssen Pharmaceutica, L.P., et al. |
| MOE 4 06-623 | Billy Collins v. Janssen Pharmaceutica, L.P., et al. |
| MOE 4 06-649 | Dawn Samp v. Janssen Pharmaceutica, L.P., et al. |
| MOE 4 06-653 | Deborah Honey v. Janssen Pharmaceutica, L.P., et al. |
| MOE 4 06-723 | Patricia Nations v. Janssen Pharmaceutica, L.P., et al. |
| MOE 4 06-786 | Arthur Crum v. Janssen Pharmaceutica, L.P., et al. |
| MOE 4 06-1006 | Sharon Beggs v. Janssen Pharmaceutica, L.P., et al. |
| MOE 4 06-1088 | Patricia A. Davis v. Janssen Pharmaceutica, L.P., et al. |
| MOE 4 06-1089 | Doris Heathman v. Janssen Pharmaceutica, L.P., et al. |
| MOE 4 06-1171 | Tammy Lilly v. Janssen Pharmaceutica, L.P., et al. |
| **MISSISSIPPI SOUTHERN** | |
| MSS 3 06-149 | Earl Willie McNair v. Janssen Pharmaceutica Products, L.P., et al. |
| MSS 4 06-35 | Angela Burley, etc. v. Janssen Pharmaceutica, L.P., et al. |
| **TEXAS SOUTHERN** | |
| TXS 4 06-1963 | Frank Kellner, et al. v. Eli Lilly & Co., et al. |